## CITY OF ELMIRA v. JOHNSON.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. MUNICIPAL CORPORATIONS (§ 621*)—POLICE POWERS—SIDEWALKS—PERMIT TO BUILD.

A city charter provided that its board of public works should have authority to construct sidewalks in such a manner and of such material as it deemed best, and that the owner of property in front of which a sidewalk was to be built might, on request to the superintendent of public works, construct it in conformity to the board's requirements, and that any person not complying with or violating any rule authorized by the board or any provisions of the charter was subject to a penalty. A rule of the board required the construction of cement sidewalks in strict compliance with specifications, and declared that permits should be refused to those neglecting or refusing to comply therewith. A contractor, without obtaining a permit, constructed for an owner who had no permit a cement sidewalk, complying with all the requirements of the board. *Held*, that he was not liable to a penalty.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1363–1369; Dec. Dig. § 621.*]

2. PENALTIES (§ 10*)—PARTIES—JOINT TORT-FEASORS.

Where an owner is liable to a penalty for construction of a sidewalk without a permit, the rule applicable to joint tort-feasors cannot apply to subject his contractor to the same penalty.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. § 8; Dec. Dig. § 10.*]

3. STATUTES (§ 241*)—CONSTRUCTION—PENAL STATUTES.

Statutes prescribing penalties must be strictly construed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.*]

Kellogg and Betts, JJ., dissenting.

---

Appeal from Chemung County Court.

Action by the City of Elmira against James Johnson. From a judgment of affirmance of the County Court, affirming a judgment of the City Court of Elmira, dismissing plaintiff's complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Michael Danaher, Corp. Counsel, of Elmira, for appellant.

Charles B. Swartwood, of Elmira, for respondent.

SMITH, P. J. The defendant, as contractor, constructed a cement walk in front of certain property in the city of Elmira, owned by Fred M. Jones, without having obtained a permit so to do. The action seeks to charge him therefor with a penalty of $25 under section 166 of the city charter. Section 154 of the city charter reads as follows:

"Sec. 154. Said board of public works shall have exclusive power and authority to  *  *  *

"H. Construct or build any sidewalk or any part or portion of any sidewalk in such manner and with such material as in the judgment of said board may be deemed best; repair any sidewalk upon any street, or any part or any portion of any street, in such manner and with such material as in the judgment of said board may be deemed best; regulate or change the width of space between a sidewalk and the curb line in the street: Provided, however, that the owner or owners of property along or in front of which a sidewalk is to be built or rebuilt, shall upon request in writing to the superintendent of public works, be given permission to build or rebuild such sidewalk, without expense to the city, in conformity, however, with all requirements as to time of building or rebuilding, material therefor, grade thereof, and manner and method of construction, of the board of public works. If such requirements are not complied with, the board of public works shall make said sidewalk conform therewith."

Section 166, as far as it is applicable, provides:

"Sec. 166. Any person neglecting to comply with or violating any order, rule or regulation the said board is authorized, by this act to make, or any of the provisions of the city charter relating to the streets, sidewalks or sewers in said city, shall be subject to a penalty not to exceed twenty-five dollars for each offense."

Among the rules adopted by the board of public works was the following:

"That, in the construction of cement sidewalks, a strict compliance with the provision of the city specifications, current edition, be required, and that permits be refused, for a period within the discretion of the board of public works, to those who neglect or refuse to comply therewith."

[1] It is contended by the corporation counsel that under this rule no contractor is authorized to build a cement sidewalk who has not the permit of the board of public works. The proper construction of the rule is not clear. It may refer simply to permits granted to owners and not to contractors. A penalty can only be imposed for the violation of a duty clearly pointed out, and the necessity of obtaining a permit by a contractor is not specified in this rule with sufficient clearness to subject him to a penalty for the construction

of the walk without obtaining such a permit. If the rule were made clear, however, and required specifically that a contractor must obtain a permit from the board of public works in order to construct a walk, this is not a condition with which the owner is required to comply before he may employ a contractor to build his walk. By section 154 it will be seen that the owner has the right to a permit from the superintendent of public works to build a sidewalk in front of his premises upon conforming with certain requirements. One is as to the time of building, another as to the material, another as to the grade, and another as to the manner and method of construction. If such requirements are not complied with, the board of public works may at his expense make such sidewalk conform thereto. Among the requirements under which the owner is allowed to build, there is none that requires him to employ any special contractor who shall have a permit from the board of public works. Such power has not been given to the board of public works. Having obtained the permit from the superintendent of public works, he may employ whom he will, provided only he conforms to the requirements as to the time, material, grade, and method of construction prescribed by the board of public works. The owner alone is authorized to apply for this permit, not a contractor. The rule thus construed is not a rule or requirement which by the charter the board is authorized to make. Not being required, then, to obtain a permit from the board of public works, and not being authorized under section 154 of the charter to obtain a permit from the superintendent of public works, it is difficult to see how the defendant has neglected to comply with or violated any rule or order that the board is authorized to make, from the simple fact that the walk was constructed without his having obtained a permit therefor. There is no claim made that the walk was not at proper grade, or was not constructed in accordance with all the requirements specified by the board of public works. The defendant's sole offense is the building of the walk without a permit.

[2, 3] The owner under whose authority the defendant constructed the work is probably liable for the penalty for having proceeded without a permit. The rule applicable to joint tort-feasors, however, cannot apply to subject his employé to the same penalties. Statutes prescribing penalties must be strictly construed. The judgment of the County Court must therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KELLOGG, J., dissenting, in opinion in which BETTS, J., concurs.

JOHN M. KELLOGG, J. (dissenting). I cannot think that the prevailing opinion correctly interprets the charter provision. It is in error in assuming that the prohibitions of section 154 relate alone to the owner of the property. The section, by giving to the city the exclusive right to build walks, denies that right to all others, and therefore, if any person builds a walk, it is in violation of the section and brings upon him the penalty. The owner may apply for a permit

to build his walk; but if he does not obtain it, or the walk is not built under his permit, it is a violation of the ordinance for any person to build it.

I favor a reversal.